[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This case requires the court to decide whether plaintiff, an injured-on-the-job Wells Fargo driver, can bring a common law cause of action against his employer for gunshot wounds suffered at a third party's hand after the employer allegedly refused to provide a bulletproof vest, which the employer's own rules mandated be worn.
Plaintiff, formerly a driver for defendant Wells Fargo, alleges that defendant intentionally refused to provide him with a bulletproof vest and as a result plaintiff sustained injuries after being shot by a third party. Plaintiff alleges that employer had a company policy that any employee observed not wearing such a vest would be discharged. Plaintiff received Workers' Compensation benefits pursuant to General Statutes § 31-275 et seq.
Defendant-employer moves for summary judgment stating that plaintiff cannot seek recourse beyond the compensation scheme because plaintiff failed to allege facts to satisfy the tests for exceptions set forth inSuarez v. Dickmont Plastics Corp. which was heard twice by the Supreme Court. Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 639 A.2d 507
(1994); 242 Conn. 255, 698 A.2d 838 (1997). "[T]o escape the exclusivity of the act, the victim of an intentional injury must rely on the intended tort theory or the substantial certainty theory. Under the former, the actor must have intended both the act itself and the injurious consequences of the act. Under the latter, the actor must have intended the act and have known that the injury was substantially certain to occur from the act." Suarez v. Dickmont Plastics, Corp., supra, 242 Conn. 280. In the present case, plaintiff claims he should be deemed to. fall within the substantial certainty theory.
In Suarez I, the Supreme Court held that the defendant-employer's motion for summary judgment could not be granted because there was an issue of fact as to whether the employer's intentional actions created a situation in which the employee's injuries were substantially certain to occur. Suarez v. Dickmont Plastics Corp., supra, 229 Conn. 111-12. In deciding whether to except the exclusive remedy provision of the Workers' Compensation Act, the court applied the substantial certainty test stating: "[W]hether the actor knows that the consequences of his or her conduct are certain or substantially certain to result from his or her act and still proceeds with the conduct, so that he or she should be treated by the law as though he or she in fact desired to produce the result, is a question of fact for the jury. This case undoubtedly raises an issue of material fact regarding the defendant's conduct toward the plaintiff and the defendant's knowledge that the plaintiff's injury was CT Page 1830-v substantially certain to occur." Id., 111.
It has been widely stated that the promotion of workplace safety is the rationale for allowing an employee to co "around" his compensation benefits and pursue his employer. Ramos v. Town of Branford, Superior Court, judicial district of New Haven at New Haven, Docket No. 407617 (December 17, 1999, Blue, J.) (26 Conn. L. Rptr. 121). This explanation has a fitting place in illuminating the substantial certainty test (although it seems an obvious truism) but is hardly needed (although also true) to explain the intended tort theory; that is, no "rationale" need be trotted out to explain why tort recovery might be allowed against, say, an employer's intentional battery.
Defendant urges that, usually at least, courts allow ordinary tort recovery only inside the industrial workplace. Defendant also urges that courts will not find the "substantial certainty" basis for suits in other jurisdictions where the employer has failed to provide security measures against third party attacks.
Presumably one notion is an expression of the idea that the industrial
workplace is likely to be filled with dangerous machinery and not filled with outsiders beyond the close control of the employer. See Hedman v.Manger Die Castings Co., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 059034 (July 27, 1999, Grogins,J.). It is this thinking which would further explain the failed causes of action of sales clerks harmed in convenience store hold-ups.
Recently, a fireman's death case failed (to defendant's summary judgment motion) primarily because the burning building in which the firefighter met his tragic death was an inherently unsafe workplace.Ramos v. Town of Branford, supra, 26 Conn. L. Rptr., 121.(The defendant's failure(s) were said to be insufficient pre-fire safety inspections and other inadequate procedures.
The case at bar, while outside the industrial workplace, strictly speaking, and thus one where traditional tort recovery could not be sought, has, however, facts which are not so clearly beyond the ken or "control" of the employer.
As noted, the Wells Fargo driver was shot by an attacker, presumably an armed robber or would-be robber. Surely, the conduct, viewed that narrowly, is rather outside the employer's control and might soundly be deemed outside its liability. However, here it is said the employer affirmatively refused to supply the bullet proof vest it had itself CT Page 1830-w mandated so strongly that failure to wear it was a firing offense. Thus, while the presence or absence of a vest would not likely in any way influence whether the employee would be shot at, this foreseeable (and actually foreseen) danger (gunplay against money carriers) results in "substantial certainty" of injury in gunplay for those unvested.
Thus, it seems correct to say that the substantial certainty of harm following a bad practice by an employer is more akin here to the actionable harm perceived in Suarez (where the claim would be allowed to go to trial) than to Ramos where the fireman's constant universal jeopardy would seem to march on unabated, certain safety inspections or not.
That is, the jeopardy Mr. Suarez faced upon being required to reach into a hot and operating machine and the peril this vest-refused money carrier are each amenable to employer adjustments and control, with resultant greater safety than would have followed inspections of buildings not yet on fire in Ramos. It is this difference which ought allow the jury to hear this case and the Suarez case and not the Ramos
case.
Unvested money carriers (in the apparent actual view of this defendant which mandated but then refused vests), it may be asserted, are "substantially certain" to incur personal harm. Not so substantially certain is such harm to vested ones. And, if this plaintiff were vested and still wounded his case would fail, even on summary judgment, as do those of convenience store clerks who are little or in no way protected.
The prospect of armed robbery is the foreseeable constant. The deprivation of the vest is the employer-controlled variant which vastly escalates the substantial certainty of personal injury.
As a result, it is the opinion of this court that defendant-employer's motion for summary judgment should be denied on that which has been presented thus far. This determination is without prejudice to renewal of such a motion by defendant should there be evidence that suggests, without factual dispute, that a vested worker would have suffered the same harm plaintiff suffered.
Nadeau, J.